{¶ 44} I concur in the majority's decision to overrule appellant's first assignment of error. However, I fail to find where the trial court made the requisite finding necessary to impose the maximum sentence during the sentencing hearing, as required under State v. Comer (2003),99 Ohio St.3d 463. Nevertheless, I do agree the trial court's recitation of appellant's criminal history would support such a finding. Because appellant failed to object to the lack of the requisite finding during the sentencing hearing, I would find he waived this issue. See State v.Kendall (July 13, 2004), Licking App. No. 03-CA-75, unreported (Hoffman concurring opinion).
 {¶ 45} I further concur in the majority's decision to reject appellant's Blakely argument. However, unlike the majority, I findBlakely does apply in the case sub judice. See State v. Hughett (Nov. 18, 2004), Delaware App. No. 2004-CA-06051, unreported, (Hoffman dissenting opinion). Nevertheless, I concur in the majority's decision to reject the Blakely argument in this case because Blakely does not apply retroactively to cases already final on direct review.
 {¶ 46} The case sub judice is before us on delayed appeal. Appellant's right of appeal was exhausted in July, 2003. A delayed appeal is not the same as a direct appeal for purposes of giving a defendant the right to pursue a claim that would otherwise be untimely under post-conviction statutes. State v. Johnson (April 21, 1999), Muskingum App. No. CT 98-0029, unreported. The granting of a delayed appeal does not cause a new rule to be applied retroactively to the case. Thomas v. Rogers (6th
Cir. 1996), 82 F.3d 418.
 {¶ 47} I fully concur in the majority's analysis and disposition of the remainder of appellant's claimed errors.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs assessed to Appellant.